# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

MICHAEL GLENN PICKENS,
ADC #91738                                                                              PLAINTIFF

V.                                    5:13CV00006 SWW/JTR

RAY HOBBS, Director,
Arkansas Department of Correction, et al.                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Michael Glenn Pickens, is a prisoner at the Varner Unit of the Arkansas Department of Correction. He has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights while he was confined in the East Arkansas Regional Unit ("EARU"). Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice,

for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

### A. *Pickens v. Jackson*, 2:09CV00081 JLH/HDY

In June of 2009, Plaintiff filed a *pro se* § 1983 action alleging that, on June 25, 2006, Defendants Jackson, Beard, Dover, Hobbs, Andrews, Harmon, Kelley, and Aldridge violated his Eighth Amendment rights when they removed the cover from a germicidal lamp in his cell and exposed Plaintiff to ultraviolet radiation for approximately twelve hours. *See Pickens v. Jackson*, 2:09CV0081 JLH/HDY (docket entry #2).

On March 30, 2011, the Court dismissed Defendant Aldridge with prejudice because Plaintiff failed to state a viable claim inadequate medical care claim against her. *Id.* (docket entries #178 and #188).

On April 26, 2012, the Court dismissed Defendants Hobbs, Harmon, Kelley, and Dover, without prejudice because Plaintiff failed to exhaust his administrative remedies against them. *Id.* (docket entries #243 and #247). The Court then allowed

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Plaintiff to proceed to a jury trial on the merits of his Eighth Amendment claims against Defendants Jackson, Beard, and Andrews.[2]  *Id.*

On September 6, 2012, a jury rejected Plaintiff's Eighth Amendment claims and rendered a verdict in favor of Defendants Jackson, Beard, and Andrews.  *Id.* (docket entries #292 and #295).

**B.**     *Pickens v. Hobbs*, **5:13CV00006 SWW/JTR**

On January 9, 2013, Plaintiff filed the current action.  *Pickens v. Hobbs*, 5:13CV0006 SWW/JTR (docket entry #2).  Once again, he alleges that, on June 25, 2006, his Eighth Amendment rights were violated when the cover from a germicidal lamp in his cell was removed, and he was exposed to ultraviolet radiation for approximately twelve hours.  *Id.*  The only named Defendants are Hobbs, Harmon, Kelley, and Dover.  *Id.*  Plaintiff contends that he can now proceed with these Eighth Amendment claims because he has exhausted his administrative remedies against the named Defendants.  *Id.*

According to the conclusory allegations in the Complaint, Defendants Hobbs, Harmon, Kelley, and Dover failed to properly train Defendants Jackson, Beard, and Andrews regarding the use of the ultraviolet light and created an *unspecified* policy or custom that violated his constitutional rights.  *Id.* at 7.  There are two fundamental

---

[2] Plaintiff argued that removing the cover from the germicidal light constituted excessive force, as well as inhumane conditions of confinement.  The Court allowed Plaintiff to proceed with both Eighth Amendment claims at trial.

problems with the "supervisory liability" claims asserted in Plaintiff's Complaint.

First, he has not provided *any facts* to support his conclusory allegations against Defendants Hobbs, Harmon, Kelley, and Dover. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that "labels and conclusions," "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a supervisory claim for relief).

Second, a jury has already determined that there was no constitutional violation arising from the decision by correctional officers to remove the cover from the germicidal lamp in Plaintiff's cell on June 25, 2006. The Eighth Circuit has held that a supervisory claim fails, as a matter of law, where there has been no underlying constitutional violation committed by the subordinates. *See*, *e.g., Brockinton v. City of Sherwood, Ark*, 503 F.3d 667, 673 (8th Cir. 2007)*; Sims v. Lay*, No. 05-2136, 2007 WL 328769 (8th Cir. Feb. 2, 2007) (unpublished opinion); *Sanders v. Brewer*, 972 F.2d 920, 923 (8th Cir. 1992); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Thus, he cannot proceed with his claim against Defendants Hobbs, Harmon, Kelley, and Dover.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      This case be DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

  2. Dismissal constitute a STRIKE, as defined by 28 U.S.C. § 1915(g).

  3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

  Dated this <u>30th</u> day of January, 2013.

              _____
               UNITED STATES MAGISTRATE JUDGE